

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Frank X. Vance
County Attorney
Medina County
Hondo, Texas

Dear Sir:

Opinion No. 0-5432
Re: Are constables entitled to
fees in inquest proceedings?

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"Would a constable be entitled to a fee for
assisting a justice of the peace in holding an in-
quest as provided in Articles 968-989 of Code of
Criminal Procedure?

"The facts of the matter are: the justice of
the peace has no car or other means of travel to
where a dead body is and he gets the constable to
drive him to where the dead body is and assist him
in what way he may (the distance may be several
miles to where the dead body is).

"The law provides for paying a physician if
one is needed and provides for a chemical analysis
to determine the cause of death. Also, the law
provides that a justice may subpoena witnesses and
enforce their attendance and indirectly this would
necessitate the presence of a peace officer to
serve subpoenas, enforce order, etc. at such hear-
ing.

"The justice of the peace puts in his bill
for $5.00 to the Commissioners' Court and the con-
stable presents his bill also for $3.00 as his fee.
Would the Commissioners' Court be authorized in
paying the constable charge?"

Articles 1053 and 1054, Vernon's Annotated Texas
Code of Criminal Procedure, read as follows:

## "Art. 1053.  (1156) (1111) Inquest fee

"A justice of the peace shall be entitled, for
an inquest on a dead body, including certifying and
returning the proceeding to the proper court, the
sum of five dollars, to be paid by the county.
When an inquest is held over the dead body of a
State penitentiary convict, the State shall pay
the inquest fees allowed by law of all officers,
upon the approval of the account therefor by the
commissioners court of the county in which the in-
quest may be held and the superintendent of peni-
tentiaries.  (Acts 1876, p. 291; Acts 1883; p. 39;
Acts 1st C. S. 1917, p. 52.)

## "Art. 1054.  (1157) (1112) Pay for inquest

"Any officer claiming pay for services men-
tioned in the preceding article shall present to
the commissioners court of the county, at a regu-
lar term of such court, an account therefor, veri-
fied by the affidavit of such claimant.  If such
account be found correct the court shall order a
draft to issue upon the county treasurer in favor
of such claimant for the amount due him.  Such
account shall be filed and kept in the office of
the county clerk."

Construing Article 1053, V. A. C. C. P., this de-
partment held in an opinion written by Honorable James N. Neff,
dated February 15, 1938, recorded in Vol. 380, page 187, Letter
Opinions of the Attorney General of Texas, that the justice
of the peace was not entitled to any mileage for going to the
place of inquest.  In other words the $5.00 fee is for all of
his services.

We have carefully examined the statutes and are un-
able to find any statute authorizing or providing any character
of fee or fees for a constable in inquest proceedings.  An
inquest is neither criminal nor a civil case.  It is a
special statutory proceeding.  No schedule of fees for con-
stables in inquest proceedings is set up by the statutes.
Neither the fees allowed constables in criminal cases nor in
civil cases are applicable to the special statutory proceed-
ing of an inquest.

Article 1011, Vernon's Annotated Texas Code of Criminal Procedure, provides that "no item of cost shall be taxed for purported service which was not performed, or for a service for which no fee is expressly provided by law."

Since no fee is expressly provided by law for constables in inquest proceedings it is our opinion that the constable would not be entitled to any fee whatever and that the commissioners' court of your county is not authorized to pay the bill submitted by the constable or any part thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Wm. J. Fanning
Assistant

WJF:MI
WJF:FO
APPROVED JUL 2, 1943
(s) Wm. J. Fanning
(Acting) ATTORNEY GENERAL
OF TEXAS

APPROVED OPINION COMMITTEE
BY (S) BWB, CHAIRMAN